**William B. WEINBERGER, Plaintiff,**

v.

**James G. KENDRICK et al., Defendants.**

**No. 75 Civ. 4870.**

United States District Court,
S. D. New York.

Jan. 24, 1977.

Wolf, Popper, Ross, Wolf & Jones by
Donald N. Ruby, Lester L. Levy, New York
City, for plaintiff.

Cleary, Gottlieb, Steen & Hamilton by Edmund H. Kerr, Richard D. Weiss, New York City, for certain individual defendants.

Davis, Polk & Wardwell by Philip C. Potter, Jr., Dale L. Matschullat, Henry H. Korn, New York City, for defendant Morgan Guaranty Trust Co.

Dewey, Ballantine, Bushby, Palmer & Wood by Edward N. Sherry, Weaver H. Gaines, Jr., Raymond F. Brown, New York City, for defendant Ernst & Ernst.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

A shareholder of W.T. Grant Co. has commenced an action against the company, the officers and directors of the company ("individual defendants"), its accountants, Ernst & Ernst, and the trustee of its 4¾% Sinking Fund Debentures, Morgan Guaranty Trust Company of New York ("Morgan Guaranty") alleging violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5 promulgated thereunder, and, through principles of pendent jurisdiction, common law fraud. Each category of defendants has moved to dismiss the complaint for failure to state a claim upon which relief may be granted, Rule 12(b)(6), Fed.R.Civ.P., and for failure to comply with Rule 9(b) Fed.R.Civ.P. More specifically, the individual defendants, Ernst & Ernst, and Morgan Guaranty attack the complaint on two separate but interrelated grounds: first, that the complaint fails to allege scienter as it has been most recently defined in *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); and second, that the complaint fails to allege with sufficient particularity the circumstances constituting the fraud. Rule 9(b), Fed.R.Civ.P.

■ It is now settled that in a private cause of action under section 10(b) and Rule 10b–5 the complaint must allege " 'scienter' —intent to deceive, manipulate, or defraud." 425 U.S. at 193, 96 S.Ct. at 1381. Allegations of "inexcusable negligence" *id.* at 191, 96 S.Ct. 1375, are not actionable under those provisions. While the complaint before me outlines the respective relationships of some but not all of the defendants to the Company, the substantive allegations with few exceptions group the defendants together. The phraseology used to describe the defendants' states of mind varies paragraph by paragraph. In some parts it is alleged that the defendants "knew [the statement] had no foundation in fact and was falsely or recklessly made." (¶ 14(d), (e)), or that the defendants "knew, or should have known that the statements were false" (¶ 12, 14(a)). Other paragraphs contain claims that defendants "concealed material information" (¶ 11, 13, 19) or "manipulated and artificially inflated the price of the securities" (¶ 17). Still other averrments contain no suggestion of scienter whatsoever but merely allege that false and misleading statements were made (¶ 14(b), 15, 16).

■ In evaluating the adequacy of these allegations, it must be remembered that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." (Rule 9(b) F.R.Civ.P.) Working backwards, this last group (i. e. ¶ 14(b), 15, 16) which does not allege intent is clearly deficient under *Hochfelder* and does not state a claim upon which relief may be granted. At the other end of the spectrum, the allegations of "concealment" connote purposeful hiding and adequately describes an "intent to deceive." Similarly, "manipulative" conduct is necessarily willful and falls within the concept of scienter as defined by the Court. 425 U.S. at 199, 96 S.Ct. 1375.

■ There is some difficulty with the allegations that defendants "knew, or should have known" of the falsity of a particular statement. A claim of knowledge of falsity coupled with participation in the preparation or dissemination of the information appears sufficient to satisfy the scienter requirement. 425 U.S. at 197, 96 S.Ct. 1375. *See Heit v. Amrep*, 75 Civ. 1365 (S.D.N.Y. April 5, 1976); *McLean v. Alexander*, 420 F.Supp. 1057 (D.Del.1976). The

troublesome issue is whether the phrase "or should have known" (which describes a negligence standard and is not, therefore, actionable under Rule 10b–5) qualifies the allegation of knowledge so as to render the entire claim unactionable, or is merely an insufficient alternative claim which does not, under Rule 8(e)(2) Fed.R.Civ.P., affect the sufficiency of the allegation of knowledge. Rule 8(e)(2) which provides that "[w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements" appears dispositive of this question. *See Heit v. Weitzen*, 402 F.2d 909, 914 (2d Cir. 1968); *Rakas v. Supreme Equipment & Systems Corp.*, [current binder] CCH Fed.Sec.L.Rep. ¶ 95, 694 (E.D.N.Y. 1976); *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48 (M.D.N.C.1976); *Oleck v. Fischer*, 401 F.Supp. 651, 657 (S.D.N.Y.1975); and, *Bender v. New Zealand Bank & Trust Co.*, 67 F.R.D. 638 (S.D.N.Y.1974). *But see Rich v. Touche Ross & Co.*, 415 F.Supp. 95, 101 (S.D.N.Y.1976), and, *Plum Tree, Inc. v. N. K. Winston Corp.*, 351 F.Supp. 80, 85 (S.D. N.Y.1972).

▇ Finally, the allegations that defendants "knew [the statement] had no foundation in fact and was falsely or recklessly made" satisfies the scienter requirements. While the adequacy of "recklessness" may have been left open by *Hochfelder*, 425 U.S. at 193–94 n. 11, 96 S.Ct. 1375,[1] it is coupled in the instant complaint with an allegation that the defendants actually knew the statements had no factual basis.

▇ Although portions of the complaint may fully satisfy the section 10(b) requirement of scienter, it may nevertheless be deficient under Rule 9(b). *See* 2A J. Moore, Federal Practice ¶ 9.03 at 1937. The Rule provides in part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) which has consistently been applied to section

10(b) cases is designed to minimize strike suits and avoid unnecessary harm to reputations. *See Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972). "[M]ere conclusory allegations to the effect that defendant's conduct was fraudulent or in violation of Rule 10b–5 are insufficient." *Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971). "[T]here must be allegations of facts amounting to deception in one form or another . . . ." *Segal v. Gordon*, 467 F.2d at 607, citing, *O'Neill v. Maytag*, 339 F.2d 764, 768 (2d Cir. 1969).

An examination of the complaint before me must begin with the observation that the entire complaint is alleged "on information and belief." The law in this Circuit is that these

> "allegations violate the general rule that Rule 9(b) pleadings cannot be based 'on information and belief.' While the rule is relaxed as to matters peculiarly within the adverse parties' knowledge, the allegations must then be accompanied by a statement of the facts upon which the belief is founded."

*Segal v. Gordon*, 467 F.2d at 608 (footnote omitted). *See Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). *Lewis v. Varnes*, 368 F.Supp. 45 (S.D.N.Y.1974), *aff'd*, 505 F.2d 785 (2d Cir.); *Competitive Associates, Inc. v. Fire Fly Enterprises, Inc.*, 59 F.R.D. 336, 338 (S.D.N.Y.1972).

### A. Ernst & Ernst

▇ The complaint seeks to join Grant's accountants into the claimed violations through the following two paragraphs:

> "10. Ernst & Ernst is a partnership engaged in the practice of accounting. It holds itself out as being especially competent and reliable in matters concerning its profession. It was the auditors for the Company during the relevant period.

. . . . .

[1] *See McLean v. Alexander*, 420 F.Supp. 1057 (D.Del.1976) (reckless misrepresentations by

an accountant sufficient to impose liability even in the light of *Hochfelder*).

15. During the period in question Ernst & Ernst was the certified public accountant for the Company. Ernst & Ernst certified the financial statements of the Company during the period and stated that it was its opinion that the Company's earnings figures and balance sheet figures fairly represented the operations and financial position of the Company for the period in question; when in fact said earnings figures and balance sheet figures did not fairly present the true state of the Company's operations or its financial condition and were materially false and misleading for the reasons stated herein."

It is apparent that only neutral facts and conclusory allegations are pleaded. *See* *Spiegler v. Wills*, 60 F.R.D. 681, 682 (S.D.N.Y.1973). No where does the complaint give notice of which figures contained in which financial statements were made by Ernst & Ernst with an intent to deceive.

*Rich v. Touche Ross & Co.*, 415 F.Supp. 95 (S.D.N.Y.1976), illustrates the importance of particularity in a Rule 10b–5 action against an accounting firm. In that case plaintiffs failed to identify which financial statements were claimed to be false and in what respect they were erroneous. Accordingly, the court granted a motion to dismiss for failure to comply with Rule 9(b). 68 F.R.D. 243 (S.D.N.Y.1975). Thereafter, plaintiffs filed an amended complaint which singled out three financial statements as false and alleged the specific misrepresentations contained therein. Because of proper particularization in the amended complaint the defendants were able to successfully move to dismiss two of the three allegedly false financials on the ground that they were unaudited. 415 F.Supp. at 98. The defendant accountants in the action before me cannot move for similar relief because they do not know which financial statements purportedly violate Rule 10b–5.

In *Oleck v. Fischer*, 401 F.Supp. 651 (S.D.N.Y.1975) allegations against an accounting firm were upheld in the face of Rule 9(b) where the complaint listed the financial statement claimed to be false, the particular assertions within that statement which were claimed to be misleading, and those facts which plaintiff claimed to be the actual truth. In that same case, however, an allegation that the accountants were aware that subsidiaries were being operated without adequate controls and that, therefore, the claimed earnings could not be relied upon by the accountants was dismissed as "impermissibly vague," "conclusory" and without allegation of the factual basis. *Id.* at 656.

Plaintiff may not rely on bald assertions of joint participation or aiding and abetting in the alleged violations of Grant and its officers. As noted, the complaint is asserted on information and belief and contains no allegations of fact which support such a claim.

## B. Morgan Guaranty

██ Paragraphs 8 and 9 are the only allegations which purport to tie Morgan Guaranty into the section 10(b) violation. Paragraph 8 recites that Morgan Guaranty is the trustee of Grant's 4¾% Sinking Fund Debentures. Paragraph 9 sets forth the fact that Morgan Guaranty is the lead bank and agent for a group of 27 banks which have been major lenders to Grant. Each paragraph then ends with the following assertion:

"By reason of its leverage with the Company, Morgan Guaranty was at all relevant times in a position to and did influence and participate in control of, the Company's operations including the disclosure and nondisclosure of information relating to the operations and financial conditions of the Company."[2]

There are no factual assertions that any officer of Morgan Guaranty was present at any meetings at which statements or actions alleged to be false and misleading were prepared. There is no allegation that

2. There is a slight variation between the concluding sentences of paragraphs 8 and 9. Paragraph 9 is addressed to Morgan Guaranty as representative of the group of banks and is, therefore, alleged in the plural. The other banks were not named or served in this action.

the Bank itself circulated any reports or information which might amount to a section 10(b) violation. *See Felton v. Walston and Co., Inc.*, 508 F.2d 577, 582 (2d Cir. 1974). The few factual assertions which are made, (*e. g.*, that Morgan Guaranty is the debenture trustee and a major lender) are neutral in nature and cannot support a claim for relief. *See Spiegler v. Wills*, 60 F.R.D. 681, 682 (S.D.N.Y.1973).

C. Individual Defendants

■ The identity of the participants in an alleged fraud is a circumstance requiring particularization under Rule 9(b). Seventeen individual defendants are named in the caption of the complaint. None are mentioned in the body of the complaint. The complaint simply states that all individual defendants are officers and directors of W.T. Grant Company. It does not indicate which defendants are outside directors, officers and directors, or officers alone.

As to W.T. Grant itself, the complaint does state with an adequate degree of particularity allegations of fraud regarding its own financial condition.[3] In fact, the specificity with which they are stated contrasts with other portions of the complaint and exemplifies the degree of harmony with which Rule 8(a) requiring short and concise statements and Rule 9(b) may be read. For example, paragraph 14(e) alleges that:

> "In April, 1975 the Company publicly stated that it 'isn't scheduled to resume a profitable trend until the second half of the current fiscal year.' That statement, as defendants knew, had no foundation in fact and was falsely or recklessly made."

While these allegations may state a claim against defendant W.T. Grant Co., they do not sufficiently allege a cause of action against the individual defendants. The complaint fails to allege whether any given statement was made with the knowledge and approval of the board of directors or was authorized by a single corporate official. Pre-trial discovery may fill in the missing pieces as to the attendance roster of a given board meeting or the precise scope of authority of a corporate officer. But this complaint does not allege even in general terms the relationship of the individual defendants to any of the purportedly false statements.

The motions of the various defendants to dismiss the complaint are granted. Plaintiff is granted leave to file an amended complaint within 20 days. The motions for stay of discovery under Rule 26(c), Fed.R. Civ.P. are granted and discovery is stayed pending further order of this court. Should plaintiff file an amended complaint, leave is granted to applicants Robert Smith and the Stein Family Foundation, Inc. to intervene and assert the claims contained in that pleading. All other requested relief is denied.

SO ORDERED.

---

**3.** Of course, in the case of W.T. Grant the question is somewhat academic since the corporation is in bankruptcy.