**Minna KAMENS, Plaintiff,**

v.

**HORIZON CORP. et al., Defendants.**

**No. 75 Civ. 1366.**

United States District Court,
S. D. New York.

Jan. 24, 1977.

---

**3.** Of course, in the case of W.T. Grant the question is somewhat academic since the corporation is in bankruptcy.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

Hughes, Hubbard & Reed by Powell Pierpoint, William M. Barron, New York City, for defendant Coopers & Lybrand.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is a class action brought by a shareholder of Horizon Corp., against that corporation, its directors, and its accountant, Coopers & Lybrand, under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5. Defendant Coopers & Lybrand now move under Rules 12(b)(6) and 9(b), Fed.R.Civ.P. to dismiss Count II of the complaint which purports to state a claim against it.

Count I of the complaint alleges that the corporate defendant is listed and traded on the New York Stock Exchange ("N.Y.S.E.") and is engaged in the business of selling and developing large tracts of land for residential and commercial purposes in the southeastern United States. It further alleges that on March 18, 1975 the Federal Trade Commission ("FTC") commenced proceedings against Horizon for fraudulent and deceptive practices in connection with land and home sales. The business practices which are under attack by the FTC include false claims that the purchase price for lots were all inclusive, false claims that the lots would be surrounded by fully developed communities by the time final purchase payments were made, false advertising claims, and, failure to disclose that a significant number of lots were of little value for either investments or home development use. The FTC complaint seeks restitution to purchasers of these lots. The complaint in the action before me charges that Horizon Corp. and its directors sold shares to the public despite an undisclosed awareness that their deceptive business practices could at some point result in the corporation having to make substantial repayments to the public.

Count II which is the subject of the instant motion seeks to allege a separate section 10(b) and Rule 10b–5 violation against Coopers & Lybrand. Defendant Coopers & Lybrand argues that the action must be dismissed as to them first, because the complaint fails to properly allege scienter as

defined in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); and, second, because the claimed securities fraud is not alleged with the particularity required by Rule 9(b), Fed.R. Civ.P.

■ As to the scienter claim, the complaint alleges that Coopers & Lybrand "knew or should have known" of the falsity of information contained in certified financials. In an opinion and order dated January 24, 1977 in which the identical claim was raised, I ruled that an allegation of knowledge of falsity coupled with participation in the making of the false statement is sufficient to allege scienter, *Weinberger v. Kendrick*, D.C., 432 F.Supp. 316 at 319. I also held that the additional phrase "or should have known" is "merely an insufficient alternative claim which does not under Rule 8(e)(2), Fed.R.Civ.P. affect the sufficiency of the allegation of knowledge." *Id.* at 320.

■ Coopers & Lybrand further moves to dismiss for failure to allege the circumstances constituting the Rule 10b–5 violation with the particularity required by Rule 9(b), Fed.R.Civ.P. In *Weinberger v. Kendrick* the same attack was raised against a complaint drafted by the same law firm which was alleged, as is this complaint, solely upon information and belief. The similarity ends there. Unlike the *Weinberger* complaint, the allegation against these accountants is contained in a separate ten paragraph count. While much of the material in those paragraphs is conclusory and would not stand on its own, there is enough particularity in this complaint to permit the defendant to intelligently respond. Paragraph 27 appears to present the crux of the plaintiff's claim against the accountants:

"At the time they examined and certified the aforesaid financial statements, Coopers & Lybrand knew * * * from its investigation in connection with the land operations of Horizon above described that the financial statements did not present fairly and fully the true financial condition of Horizon including its ability to retain revenues reported from the sale and development by Horizon."

When supplemented with the specific allegations concerning Horizon's purportedly fraudulent land sales practices contained in Count I of the complaint, this paragraph adequately charges the accountants with having conducted an investigation of the land sales operations, knowing that Horizon might not be able to retain land sale revenues because of the nature of those operations, and having certified financial statements which did not disclose the possible depletion of revenues from those operations. Furthermore, the complaint limits its attack to certified financial statements for the five year period of 1970 through 1974.

To put it in basic terms, the complaint informs the accountants of what the plaintiff believes they did wrong. *See Clairdale Enterprises, Inc. v. C. I. Realty Investors*, D.C., 423 F.Supp. 257 (1976). This conclusion is borne out by the fact that Coopers & Lybrand, unlike the defendants in *Weinberger*, have already filed their answer to the complaint. *See Newwirth v. Bush Universal, Inc.*, 75 Civ. 4808 (WCC) (S.D.N.Y. April 28, 1976).*

The motion to dismiss is denied.

SO ORDERED.

---

* Unlike the *Weinberger* case the facts upon which the statements "upon information and belief" are based are at least suggested. Here the plaintiff refers to the March 18, 1975 FTC action as a possible source of its knowledge of Horizon's purportedly fraudulent practices. As the *Weinberger* opinion suggests, my concern with that complaint went far beyond its failure to state the facts upon which the statements upon information and belief were made.