**Norman RICH et al., Plaintiffs,**

v.

**TOUCHE ROSS & CO., Defendant.**

**No. 74 Civ. 772–CLB.**

United States District Court,
S. D. New York.

May 2, 1975.

---

Julien & Schlesinger, P.C. by Alfred S. Julien, Stuart A. Schlesinger and David Jaroslawicz, New York City, for plaintiffs.

Rosenman, Colin, Kaye, Petschek, Freund & Emil by Max Freund, Arnold I. Roth, and Marvin G. Pickholz, New York City, for defendant.

## MEMORANDUM DECISION

BRIEANT, District Judge.

Defendant Touche Ross & Co. has moved for an order pursuant to Rule 12(b), F.R.Civ.P., dismissing the amended complaint for failure to state a claim under the federal securities laws, and for lack of subject matter jurisdiction. Alternatively, the defendant seeks an order, pursuant to Rule 9(b), F.R.Civ.P., dismissing the amended complaint for failure to state "the circumstances constituting fraud . . with particularity."

Plaintiffs allege that Touche Ross served as the independent auditors and certified public accountants for Weis Securities, Inc. ("Weis"), a brokerage firm and member firm of the New York Stock Exchange ("NYSE"), and other securities exchanges. In May 1973, Weis was suspended from membership in the NYSE and was placed in receivership under the Securities Investor Protection Corporation ("SIPC").

Plaintiffs Norman Rich, Sheldon Schiff and Howard Schiff, as trustees of the West Side Corporation Profit Sharing Plan were cash account customers of Weis. Plaintiff Charles Shurpin maintained a margin account with Weis. Plaintiffs seek to maintain this action as class representatives on behalf of all Weis customers on May 24, 1973, who were damaged as a result of the failure of that firm.

The amended complaint professes to contain three claims for relief; in reality, the complaint alleges one claim under the federal securities laws and another for common law negligence or accountant's malpractice.

Plaintiffs allege that the defendant accounting firm violated §§ 10(b) and 18 of the Securities Exchange Act of 1934 and Rule 10b–5 in that they "unlawfully, willfully and recklessly made untrue statements" or omitted to state material facts in reports and financial statements of Weis, disregarding generally accepted accounting principles and procedures; that the plaintiffs relied upon these false representations in their dealings with the Weis firm and their damages were caused thereby.

The requirement that allegations of fraud be pleaded with particularity stems from, among other sources, a concern that potential defendants be shielded from lightly made public claims or accusations charging the commission of acts or neglect of duty which may be said to involve moral turpitude. 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1296. The need for this protection is most acute where the potential defendants are professionals whose reputations in their field of expertise are most sensitive to slander. See Felton v. Walston and Co., Inc., 508 F.2d 577, 581–82 (2d Cir. 1974). Apart from the prejudicial and *in terrorem* effects of fraud allegations, a defendant in a fraud action requires particularized information in order to understand what conduct is complained of and to prepare a defense to such a claim of misconduct.

Plaintiffs' amended complaint is stated to be upon information and belief. Segal v. Gordon, 467 F.2d 602 (2d Cir. 1972) held that:

"[t]he allegations violate the general rule that Rule 9(b) pleadings cannot be based 'on information and belief.' While the rule is relaxed as to matters peculiarly within the adverse parties' knowledge, the allegations must then be accompanied by a statement of the facts upon which the belief is founded." Segal v. Gordon, *supra*, 608. See also, Competitive Associates, Inc. v. Firefly Enterprise, Inc., 59 F.R.D. 336 (S.D.N.Y.1972); 2A J. Moore, Federal Practice, ¶ 9.03.

Plaintiffs allege, in conclusory language tracking the words of Rule 10b–5, that the defendants "unlawfully, willfully and recklessly" made false statements or omitted to state material facts and that Touche Ross "certified false and fraudulent statements and engaged in acts and practices which operated as a fraud and deceit upon the plaintiffs." Paragraph 22 of the amended complaint, in an attempt to lend greater specificity to these allegations, states:

"That among other things, the defendant, Touche Ross:

a. certified false and misleading financial statements which failed to disclose to the plaintiffs the accurate condition of the books and records of Weis;

b. failed to disclose to the plaintiffs the various violations of the Federal Securities Laws which Weis has violated, which violations are more fully set forth in the complaint of the Securities and Exchange Commission filed with this Court on May 24, 1973;

c. failed to disclose to the plaintiffs that Weis was not in compliance with the requirements of the net capital rules to which it was subject and, more particularly, that Weis was not in compliance with Rule 325 of the New York Stock Exchange.

d. certified financial reports which were inaccurate and false, including the financial report for the year ending May 26, 1972.

e. certified and prepared financial statements which were inaccurate, falsely stated liabilities and understated losses suffered by Weis and overstated valuations of securities which were held by Weis.

f. failed to disclose to the plaintiffs that they certified and filed with the Securities and Exchange Commission false financial reports including the reports required by Section 240.17a–5 of the Commissions regulations."

This list of offenses fails to state "the circumstances constituting fraud." Generally, Rule 9(b) requires

"that the pleader must state the time, place and content of the false misrepresentation, the fact misrepresented and what was obtained or given up as a consequence of the fraud." 2A J. Moore, Federal Practice, ¶ 9.03.

■ The plaintiffs do not identify the financial statements and reports which they claim misled them, apart from a passing reference to the financial report for the year ending May 26, 1972. Simply denominating unspecified financial statements and reports as "false," "misleading" or "inaccurate" is not sufficient. There must be further identification of what statements were made and in what respects they were false, misleading or inaccurate or what omissions were made and why the statements made are believed to be misleading. Felton v. Walston and Co., Inc., *supra*; Spiegler v. Wills, 60 F.R.D. 681 (S.D.N.Y.1973); Matheson v. White Weld & Co., 53 F.R.D. 450 (S.D.N.Y. 1971).

■ The defect in the allegations of this complaint is not cured by the incorporation by reference of a complaint filed in this Court by the Securities and Exchange Commission ("SEC"). That complaint alleges, among other things, that Weis and five of its officers or directors filed false financial statements with the SEC. The complaint in that action does not mention Touche Ross and, consequently, does not detail the extent of the accountants' knowledge of the true financial situation of Weis, or the efforts they expended or manners, if any, in which they were remiss in investigating Weis' financial condition.

"Since an accountant is not a guarantor of the reports he prepares and is only duty bound to act honestly, in good faith and with reasonable care in the discharge of his professional obligations, the elements of fraud if

charged must be pleaded with particularity to show a fraudulent breach of duty." Securities and Exchange Commission v. Republic National Life Insurance Co., 378 F.Supp. 430 (S.D. N.Y.1974).

Accordingly, the incorporation by reference of a complaint of securities law violations by Weis and its principals does not particularize the fraud, if any, committed by Weis' accountants.

Similarly, no greater specificity is achieved by alleging that, by means of unspecified misstatements or omissions, the defendants "failed to disclose . . that Weis was not in compliance with the requirements of the net capital rule," particularly Rule 325 of the New York Stock Exchange. The extent of the accountants' knowledge or participation in this violation remains undefined. See Shemtob v. Shearson, Hammill & Co., 448 F.2d 442 (2d Cir. 1971).

In order to sustain their burden of proof on the merits of their claim, plaintiffs will have to demonstrate that they relied upon false statements made by Touche Ross or that omissions fraudulently made by those accountants were the cause of plaintiffs' damages. At this early stage in these proceedings, plaintiffs' pleadings should not be judged by the standard to be applied on trial of the ultimate merits. However, it is not an unreasonable burden to expect the plaintiffs to be able to identify the misstatements, omissions or fraud that caused them to engage in particular securities transactions. See Schlick v. Penn-Dixie-Cement Corporation, 507 F.2d 374 (2d Cir. 1974).

At a conference held on March 20, 1975, in connection with this motion, plaintiffs' counsel contended that he should be permitted to proceed upon the amended complaint and conduct discovery against the defendant accounting firm and non-party witnesses including the SIPC receiver of Weis. Such tactic is impermissible. "A complaint alleging fraud should be filed only after a wrong is reasonably believed to have occurred; it should serve to seek redress for a wrong, not to find one." Segal v. Gordon, *supra*, 467 F.2d at 607–08. See also, Segan v. Dreyfus Corporation, 513 F.2d 695 (2d Cir. March 28, 1975); Lewis v. Varnes, 368 F.Supp. 45 (S.D. N.Y.1974).

The Court finds that the amended complaint fails to satisfy the pleading requirements for allegations of fraud. Accordingly, there is no need at this time to reach the issues raised by defendant's motion under Rule 12(b).

Defendant's argument to the effect that the fraud, if there was, was in no event a fraud committed "in connection with the purchase or sale of any security," may have merit. Indeed, all discussions the Court has had with counsel in this case and our review of the complaint, seems to indicate that plaintiffs may be able to state a good claim for negligence or malpractice, but no fraud. See Ultramares Corporation v. Touche, 255 N.Y. 170, 174 N.E. 441 (1931); State Street Trust Co. v. Ernst, 278 N.Y. 104, 15 N.E.2d 416 (1938). If so, they should pursue that remedy promptly, in a state court action, rather than repleading here. Cf. Kavit v. A. L. Stamm & Co., 491 F.2d 1176 (2d Cir. 1974).

Plaintiffs, in the event they file a second amended complaint, should plead with particularity the circumstances of their reliance on any misstatements, or the causal nexus between any omissions, and the losses suffered, detailing, to the extent possible, the purchase or sale transactions they effectuated by reason of the misrepresentations.

The amended complaint is dismissed without prejudice for failure to comply with Rule 9(b) F.R.Civ.P. Plaintiffs shall have leave, if so advised, to file a second amended complaint within twenty (20) days from the date of the order to be entered hereon.

Settle order on notice.