**J. Ivan WOLFORD et al., Plaintiffs,**

v.

**EQUITY RESOURCES CORPORATION et al., Defendants.**

**No. C–2–76–218.**

United States District Court,
S. D. Ohio, E. D.

Nov. 4, 1976.

R. T. Boehm, Boehm, Rance & Pritchett Co., L. P. A., Columbus, Ohio, Harold E. Hunt, Coshocton, Ohio, for plaintiffs.

Alan L. Briggs, Dunbar, Kienzle & Murphey, Columbus, Ohio, for defendants Equity Resources Corp., Bancinsurance Corp., Si Sokol, Richard H. Stowell, Saul Sokol, Robert T. Taggart.

Thomas E. Palmer, Columbus, Ohio, Karon, Morrison & Savikas, Chicago, Ill., for

defendant Kirschener, Heimlich, Mulligan & Co.

## ORDER

KINNEARY, District Judge.

This matter is before the Court on the motion of defendant Kirschener, Heimlich, Mulligan & Company, certified public accountants, to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter of the complaint.

The plaintiffs in this action allege securities fraud. Without delving deeply into the allegations of the complaint, the crux of their charge is that defendants, as officers, directors, and accountants of Equity Resources Corporation, made material misrepresentations in a circular issued in connection with an intrastate offering of the corporation's securities and that they improperly revalued the assets of the corporation at a time when it was losing money. Plaintiffs are seeking to recover the purchase price of the stock, punitive and exemplary damages, and attorneys' fees, as well as other relief, under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1970), and Rule 10b–5, 17 C.F.R. § 240.10b–5 (1976), promulgated thereunder.

It is clear that this Court has jurisdiction over the subject matter of this complaint as one arising under Chapter 2B of Title 15, United States Code. *See* 15 U.S.C. § 78aa (1970). Moreover, the action arises under an Act of Congress regulating commerce, so jurisdiction would also lie under Title 28, United States Code, Section 1337.

■ Defendant, Kirschener, Heimlich, Mulligan & Co., however, has raised viable arguments questioning this Court's ability to grant plaintiffs the relief sought as to itself. It points out that the only allegations directly involving the firm concern actions taken in 1975, more than one year after the purchases forming the basis of the complaint. Since recovery under Rule 10b–5 is predicated on a successful showing that the misrepresentations occurred "in connection with" the purchase or sale of any security, this one-year hiatus would be fatal to plaintiffs' allegation unless they could point to some type of nexus between the sale of the securities and the subsequent misrepresentation. Taking the allegations in the complaint in the light most favorable to plaintiffs, it is apparent that they have failed to allege such a nexus.

Kirschener, Heimlich, Mulligan & Co. can be liable either directly or vicariously. As to its direct liability, there is no indication that the firm was even in existence at the time of the sale of the securities, let alone that it participated in the alleged fraud. As to vicarious liability, there is no suggestion, other than a similarity of names and addresses, that Kirschener, Heimlich, Mulligan & Co. is a partnership or that Thomas J. Mulligan—as to whom there are numerous allegations of having participated in a fraud "in connection with" the sale of Equity Resources Securities—is a partner of the firm. Absent reasonable grounds for imparting vicarious liability to Kirschener, Heimlich, Mulligan & Co. for the actions of a partner or employee, and absent any allegation of direct liability, this Court would be unable to grant plaintiffs any relief against this defendant under any circumstances.

■ There is a second reason why this Court would have to deny relief as to this defendant. The Supreme Court has recently held, in a case which also involved an accounting firm, that scienter was a necessary element of an action under 10b–5. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). Admittedly, the plaintiff in *Hochfelder* had squarely presented the issue by characterizing her complaint as one for negligent conduct. Plaintiffs here have not placed a label on defendants' state of mind and have alleged, conclusorily, that the defendants "employed devices, schemes and artifices to defraud." In so doing they have used precisely that statutory language which the *Hochfelder* Court found indicative of a scienter requirement. A tenuous argument could be made that by restating the statuto-

ry language plaintiffs have alleged a degree of scienter sufficient to withstand a motion to dismiss. With respect to this particular defendant, however, this Court is not willing to accept that argument. Without knowing the exact nature of the *Hochfelder* complaint, and fully aware of the provision in Rule 9(b) of the Federal Rules of Civil Procedure permitting a "general" averment of condition of mind, this Court believes that something more than a conclusory restatement of the statutory language is required to meet the *Hochfelder* scienter requirement.

WHEREUPON, this Court finds that plaintiffs' complaint fails to state a claim against Kirschener, Heimlich, Mulligan & Co. upon which relief can be granted. Defendant's motion to dismiss the complaint is accordingly GRANTED. Plaintiffs' complaint is DISMISSED as to defendant Kirschener, Heimlich, Mulligan & Co. Leave is hereby granted to plaintiffs to amend their complaint within ten (10) days of the filing of this order.