COMPETITIVE ASSOCIATES, INC. and Competitive Capital Corporation, Plaintiffs,

v.

FIRE FLY ENTERPRISE, INC., et al. Defendants.

No. 72 Civ. 1847.

United States District Court, S. D. New York.

Oct. 31, 1972.

---

Lawler, Sterling & Kent, New York City, for plaintiffs; S. Pitkin Marshall, New York City, of counsel.

Dickstein, Shapiro & Galligan, New York City, for defendant New England Corp.; Leonard Toboroff, New York City, of counsel.

Royall, Koegel & Wells, New York City, for Sherwood Securities Corp.; George W. Brandt, Jr., New York City, of counsel.

## MEMORANDUM AND ORDER

ROBERT L. CARTER, District Judge.

### I

Defendant Sherwood Securities has moved for an order dismissing the complaint or striking paragraphs 11–13 thereof, or requiring that plaintiffs state their second cause of action with more particularity. The motion is based upon Rule 9(b) of the Federal Rules of Civil Procedure which states that—

> "In all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind may be averred generally."

Plaintiffs' second cause of action is brought under §§ 11, 12(2) and 17(a) of the Securities Act of 1933. It alleges an intentionally misleading failure to include necessary statements in a prospectus and the use of a deceptive device in the sale of securities. Plaintiffs have alleged that the prospectus was misleadingly deficient in that it failed to include an accurate description of the spread and plan of distribution for the securities being offered. This deficiency is further described as a failure to state that defendants, in concert with an unnamed securities advisor of Competitive Associates, intended "to use Competitive Associates to support the market in these securities" (Complaint, paragraph 11).

The Court of Appeals for this Circuit has recently restated its sensitivity to "the requirement that the circumstances constituting fraud be alleged with particularity" Segal v. Gordon et al. and Coburn Corporation et al., 467 F.2d 602, 607 (1972).

"The theory of Rule 9(b) is that the defendant in a case wherein the plaintiff

alleges either fraud or mistake . . . . should be rather specifically apprised by the plaintiff's pleading of the occasion on which and the circumstances under which he allegedly defrauded a particular plaintiff. It is obvious that a plaintiff may not be privy to the workings of a group of defendants who have acted in concert to defraud him, but he can at least identify the particular defendants who allegedly dealt directly with him, and he can describe the circumstances under which particular defendants dealt directly with him. . . . [T]he plaintiff can not be required to allege with particularity the manner in which individual defendants acted in concert, but there is no justification for the secreting of information identifying the actors in the drama and the occasions on which they directly confronted the plaintiffs . . . ." Trussell v. United Underwriters, Ltd., 228 F.Supp. 757 at p. 774 (D.Colo., 1964).

The *Segal* court noted (citing 2 A. J. Moore, Federal Practice, paragraph 9.03, at 1928 (2d ed. 1968)) that "Rule 9(b) pleadings cannot be based 'on information and belief.'" It went on to say that—

> "While the rule is relaxed as to matters peculiarly within the adverse parties' knowledge, the allegations must then be accompanied by a statement of the facts upon which the belief is founded."

■ Plaintiffs have alleged the use of a deceptive device and the failure of the prospectus to state a material fact. They have described the deceptive device and the missing information with reasonable particularity. However, plaintiffs' allegations in these respects are all made upon information and belief (Complaint, paragraph 11), and nowhere do plaintiffs set forth the facts upon which their allegations on information and belief are based. They do not identify the parties with whom they dealt, or describe fully their dealings with those parties. Under the guidelines laid down in the *Segal* case, therefore, plaintiffs' pleadings are fatally defective.

Plaintiffs are directed to file, on or before November 15, 1972, an amended complaint which will comply with the requirements set forth above.

## II

■ Defendant Chartered New England Corporation, has moved to strike the complaint on the ground that the claims stated therein are time-barred and to require plaintiff to post an undertaking as security for costs and attorneys' fees.

Assuming, as we must for the purpose of this motion, the truth of the allegations of the complaint, a cause of action that is not time-barred is well stated. The application to strike the complaint is therefore denied. Gardner v. Toilet Goods Association, 387 U.S. 167, 87 S. Ct. 1526, 18 L.Ed.2d 704 (1967); Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

■ On the basis of the present record, this Court cannot decide, with respect to any of plaintiffs' claims, that the action is brought in bad faith or is lacking in merit. Linchuck v. Cooper, 43 F.R.D. 382 (S.D.N.Y., 1967). Consequently, the application for security for costs and attorneys' fees is also denied.

So ordered.