May SCHOENFELD et al., Plaintiffs,

v.

GIANT STORES CORP. et al., Defendants.

No. 73 Civ. 3617.

United States District Court, S. D. New York.

March 20, 1974.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs; Robert M. Kornreich, New York City, of counsel.

Sullivan & Cromwell, New York City, for the underwriter-defendants; Edward W. Keane, Barrington D. Parker, Jr., New York City, of counsel.

Shea, Gould, Climenko & Kramer, New York City, for defendant Touche Ross & Co.; Bruce A. Hecker, Leon P. Gold, New York City, of counsel.

METZNER, District Judge:

This is a motion to dismiss the complaint for failure to state a claim upon which relief may be granted due to the plaintiffs' failure to plead their claims with particularity as required by Rule 9(b), Fed.R.Civ.P. The movants are various underwriters and the accounting firm of Touche Ross & Co. (Touche Ross).

We are dealing here with a purported class action brought on behalf of all purchasers of the common stock of Giant Stores Corp. (Giant) issued pursuant to a registration statement and prospectus dated August 24, 1972. Plaintiffs allege that the registration statement and prospectus violated Section 11 of the Securities Act of 1933 (15 U.S.C. § 77k).

The defendants are Giant and its directors, the underwriters involved in the sale of the stock, and its public accountant who certified certain financial reports which were contained in the registration statement and prospectus.

Specifically it is alleged that certain financial reports which were certified by Touche Ross as presenting fairly the financial position of Giant and its subsidiaries were in fact false and misleading. In support of this allegation, plaintiffs rely on the fact that on or about May 24, 1973, Touche Ross withdrew its certification of Giant's 1972 annual report as a result of finding "substantial irregularities" in its audit of Giant's books. Plaintiffs charge that these financial statements materially overstated costs, expenses, accounts payable, accounts and notes receivable, merchandise inventories and retained earnings.

The sole basis for defendants' motion is that the complaint was not pleaded with "particularity" which Rule 9 requires when allegations of fraud are made. Whether Rule 9 is applicable to actions brought under Section 11 of the 1933 Act is a question of first impression.

Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting [the] fraud or mistake shall be stated with particularity." The Rule is explicit in limiting its scope to pleadings which involve fraud; and mistake. Insofar as actions brought under the federal securities laws, Rule 9(b) has been invoked only in those suits where scienter is an essential element of a claim. Section 10(b) of the Securities Exchange Act of 1934 is the most familiar example of such an action.

*See, e. g.,* Segal v. Gordon, 467 F.2d 602, 606–608 (2d Cir. 1972); Shemtob v. Shearson, Hammill & Co., 448 F.2d 442, 444 (2d Cir. 1971). *Cf.* Lanza v. Drexel & Co., 479 F.2d 1277, 1306 (2d Cir. 1973) (en banc).

A suit under Section 11, however, is not akin to an action brought under the anti-fraud provisions of the securities laws. As the Second Circuit has recently observed: "The law applicable to the case now before us [an action against an outside director pursuant to Section 10b] is in direct contrast to the absolute liability (except for the due diligence defense) imposed by Section 11." Lanza v. Drexel & Co., *supra* at 1283; *see also,* Feit v. Leasco Data Processing Equipment Corp., 332 F. Supp. 544, 575 (E.D.N.Y.1971); Escott v. BarChris Construction Corp., 283 F. Supp. 643, 683 (S.D.N.Y.1968); III Loss, Securities Regulation 1724 (1969).

A prima facie case under Section 11 is stated when the complaint alleges a material misstatement or omission. Emmi v. First-Manufacturers National Bank of Lewiston & Auburn, 336 F.Supp. 629, 634 (D.Me.1971). In such an action a plaintiff does not have to allege or prove fraud or deceit. Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 786 (2d Cir. 1951); Stewart v. Bennett, 359 F.Supp. 878, 884 (D.Mass.1973). As the Second Circuit observed in Globus v. Law Research Service, Inc., 418 F.2d 1276, 1288 (2d Cir. 1969):

"Civil liability under section 11 and similar provisions was designed not so much to compensate the defrauded purchaser as to promote enforcement of the Act and to deter *negligence* by providing a penalty for those who fail in their duties. And Congress intended to impose a 'high standard of trusteeship' on underwriters." (Emphasis supplied.)

When Rule 9 speaks of averments of fraud, it goes beyond the unintentional or negligent misrepresentation proscribed by Section 11. In view of the differing elements of proof required

to sustain an action under Sections 10 (b) and 11, it is clear that a pleading under Section 11 is not restricted by the rule of particularity which is demanded for actions sounding in fraud.

Competitive Associates, Inc. v. Firefly Enterprises, Inc., 59 F.R.D. 336 (S.D.N.Y.1972), relied on by defendants, is not in point. While the complaint there alleged causes of action arising under Sections 11, 12(2) and 17(a), it is clear that the nub of the allegations sounded in fraud and were therefore subject to Rule 9(b). In summarizing the complaint, the court specifically noted that plaintiff "alleges an *intentionally* misleading failure to include necessary statements in a prospectus and the use of a deceptive device in the sale of securities." Id. (Emphasis supplied.)

 Finally, we disagree with defendants' contention that the complaint as pleaded is totally insufficient to apprise them of the facts necessary to the preparation of a defense. Any further facts which are needed may be obtained through discovery.

The motion to dismiss is denied.

So ordered.