**Marcus ROSS and Ruth Ross, on behalf of themselves and all others similarly situated, Plaintiffs,**

**v.**

**Leslie H. WARNER et al., Defendants.**

**No. 77 Civ. 243 (CHT).**

United States District Court, S. D. New York.

Nov. 28, 1979.

Schoengold & Sporn, P.C., New York City, for plaintiffs; Samuel P. Sporn, New York City, Kenneth A. Elan, Bayside, of counsel.

Breed, Abbott & Morgan, New York City, Wilson & McIlvaine, Chicago, Ill., for defendant Arthur Andersen & Co.; Edward J. Ross, James D. Zirin, George F. Vary, Charles W. Boand, Chicago, Ill., of counsel.

## OPINION

TENNEY, District Judge.

In the Second Amended Complaint of this still uncertified class action, shareholders of General Telephone & Electronics Corporation ("GT&E") allege violations of sections 10(b) and 18 of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78r(a), rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5, section 11 of the Securities Act of 1933, 15 U.S.C. § 77k ("1933 Act"), and the common law by GT&E, its officers, directors and account-

ants.[1] Plaintiffs seek to maintain this action as class representatives on behalf of all persons who purchased common stock of GT&E through the corporation's various automatic dividend reinvestment services from January 1, 1972 through January 17, 1977.

The instant motion, made individually by defendant Arthur Andersen & Co. ("Andersen"), seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b) ("Rules") for failure to state a claim upon which relief can be granted. Alternatively, Andersen seeks an order pursuant to Rule 9(b) dismissing the complaint for failure to state "the circumstances constituting fraud . . . with particularity."[2] For the reasons given below, the motion is granted in part and denied in part.

### Background

This action follows several derivative suits commenced subsequent to GT&E's disclosure, in a March 1976 proxy statement, of the contents of a special investigative report of the Audit Committee of the GT&E Board of Directors. *See Cramer v. General Telephone & Electronics Corp.,* 582 F.2d 259 (3d Cir. 1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979). The first cause of action of the Second Amended Complaint, asserting causes of action under sections 10(b) and 18, states that the Audit Committee Report, and two SEC civil complaints, revealed that substantial improper payments, kickbacks, rebates and bribes had been made directly and indirectly to officials of foreign customers. On "information and belief," plaintiffs recite these transactions and add the allega-

tion that in concealing their actions, defendants "caused false and erroneous reports, including annual reports, proxy and registration statements, 8–k and 10–k reports and false financial statements, with the knowledge and consent of Andersen, to be submitted and filed with the SEC for the last ten years." Second Amended Complaint ¶ 21. Plaintiffs allege that Andersen, as accountant and auditor of GT&E, had knowledge of the improper transactions, the lack of disclosure and the inaccurate accounting entries, yet certified the corporation's SEC filings with the "purpose and effect of misleading and defrauding plaintiff[s] and others similarly situated." *Id.* ¶ 43.

Andersen argues that the first cause of action fails to meet the requirements of Rule 9(b) because it fails to identify particular false documents and to specify how they are false or misleading and because it lacks specific facts showing that Andersen acted with scienter. Second, Andersen claims that insofar as the Second Amended Complaint asserts a claim under section 18, it is fatally defective because it fails to affirmatively plead compliance with that section's statute of limitations. Third, defendant reasons that since some of the allegedly improper transactions took place after plaintiffs became subscribers to the reinvestment plan, the complaint must, in order to state a valid claim under section 10(b), allege a sale of the stock subsequent to the fraudulent activities. Finally, Andersen asserts that the second cause of action does not properly state a claim under section 11 of the 1933 Act because plaintiffs fail to aver explicitly both the dates of their

---

1. Although the Second Amended Complaint also contains a claim grounded on § 12 of the Securities Act of 1933, 15 U.S.C. § 77*l*, plaintiffs have conceded its invalidity as to Arthur Andersen & Co. Memorandum at 13, and it is considered withdrawn as to this defendant.

2. Plaintiffs' previous attempts to frame a sufficient complaint contained different descriptions of the aggrieved class and asserted other claims of no moment to the present issues. Andersen responded to each of the prior complaints with a motion to dismiss, and plaintiffs chose to amend. In granting leave to submit a

Second Amended Complaint, this Court warned plaintiffs that the time when the action must stand on its pleadings was drawing near. *Ross v. Warner,* 80 F.R.D. 88, 90 n.1 (S.D.N.Y.1978). The original Complaint, filed Jan. 17, 1977, contained allegations of fraud under § 12(b). The First Amended Complaint, filed Oct. 20, 1977, added the § 18 claim. Andersen's previous motions to dismiss brought to plaintiffs' attention the alleged lack of specificity on which Andersen now relies for its motion under Rules 9(b) and 12(b).

participation in the reinvestment plan and that the stock they purchased was registered under one of the registration statements allegedly lacking material information. Because a finding that the Second Amended Complaint fails to meet the requirements of Rule 9(b) would be dispositive of the section 10(b) cause of action as it applies to Andersen, the Court will address the Rule 9(b) issue first.

### Discussion

Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The Second Circuit has recognized several purposes underlying the requirement that allegations of fraud be pleaded with particularity. The rule ensures that defendants in fraud actions will be given sufficient notice of the claims against them to prepare defenses to charges of misconduct. *Felton v. Walston and Co.*, 508 F.2d 577, 581 (2d Cir. 1974); *Rich v. Touche Ross & Co.*, 68 F.R.D. 243, 245 (S.D.N.Y.1975). The requirement "inhibit[s] the filing of a complaint as a pretext for discovery of unknown wrongs." *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977); *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972). The specificity requirement also serves to discourage lightly made allegations of conduct involving moral turpitude, which is particularly important to "professionals whose reputations . . . are most sensitive to slander." *Rich v. Touche Ross & Co., supra*, 68 F.R.D. at 245.

The entire Second Amended Complaint is alleged on "information and belief." Only those matters peculiarly within the knowledge of the adverse party may be pleaded in this manner, and then, in order to satisfy Rule 9(b), the allegations must be accompanied by a statement of the facts on which plaintiffs' belief is founded. *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *Segal*

*v. Gordon, supra; Morgan v. Prudential Group, Inc.*, 81 F.R.D. 418, 423 (S.D.N.Y. 1978).

### *The Section 10(b) Claim*

A successful section 10(b) action requires, *inter alia*, a showing that defendants had intended to deceive, manipulate or defraud. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). To meet the particularity requirement, a complaint must state facts giving rise to the inference of fraudulent conduct by a particular defendant. *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp. 518, 522 (S.D.N.Y.1977). Assuming *arguendo* that plaintiffs have adequately identified improper transactions engaged in by GT&E, they have failed to identify adequately the misleading documents involved or state facts sufficient to give rise to an inference of fraud by the corporation's accountant.

At a minimum, a plaintiff alleging securities fraud should be able to identify the misleading documents on which he has relied to his detriment. Plaintiffs cannot logically claim inability to do this without leaving the impression that they are using the suit as a device to search for fraud. "The familiar plaint that the details of an alleged fraud lie in the defendant's ken has no convincing ring when the details at issue are the identities of documents that have been widely disseminated to and assimilated by the investing public." *Denny v. Barber*, 73 F.R.D. 6, 9 (S.D.N.Y.1976), *aff'd*, 576 F.2d 470 (2d Cir. 1978); *accord, Morgan v. Prudential Group, Inc., supra*, 81 F.R.D. at 423; *Gross v. Diversified Mortgage Investors, supra*, 431 F.Supp. at 1087; *Rich v. Touche Ross & Co., supra*, 68 F.R.D. at 246. The Second Amended Complaint should have identified specific documents that were certified by Andersen and the manner in which those documents were materially false or misleading. Andersen may have neither certified nor even viewed the documents in question. *See Rich v. Touche Ross & Co.*, 415 F.Supp. 95, 98 (S.D.N.Y.1976). Rule 9(b) requires their identification so

that Andersen might frame an appropriate response. *See Todd v. Oppenheimer & Co., Inc.,* 78 F.R.D. 415, 420 (S.D.N.Y.1978); *Denny v. Barber, supra.*[3]

■ Even if the misleading reports had been identified, and had been certified by Andersen, the Second Amended Complaint would still fail to meet the particularity requirement. Plaintiffs claim to rely on evidence of fraud by GT&E and on Andersen's position as the corporation's accountant and auditor as the basis for allegations of fraud by Andersen. These facts are insufficient support for claims of fraud. An inference of fraud does not arise from the mere fact that an auditor "certified" an inaccurate report. *See Weinberger v. Kendrick,* 451 F.Supp. 79, 83 (S.D.N.Y.1978). Plaintiffs must allege circumstances giving rise to an inference of a breach of generally accepted auditing standards amounting to a "fraudulent breach of duty," *Jacobson v. Peat, Marwick, Mitchell & Co., supra,* 445 F.Supp. at 523; *Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1089, or the events on which the information and belief pleading is based. *See Ross v. A. H. Robins Co., Inc.,* 607 F.2d 545 at 558–559, No. 79–7106 (2d Cir. 1979). In *Robins,* the Court of Appeals for the Second Circuit stated that even though plaintiffs cannot be expected to "plead defendants' actual knowledge" in the complaint, they

> can be required to supply a factual basis for their conclusory allegations regarding that knowledge. It is reasonable to require that the plaintiffs specifically plead those events which they assert give rise to a strong inference that the defendants had knowledge of the facts . . . or recklessly disregarded their existence. And, of course, plaintiffs must fix the time when these particular events occurred.

*Id.; see Morgan v. Prudential Group, Inc., supra,* 81 F.R.D. at 424.

*The Section 18 Claim*[4]

■ To establish a section 18 violation, a plaintiff must plead and prove that he has

---

**3.** Plaintiffs' counsel asks for discovery in the event that the Second Amended Complaint is found insufficient to meet the requirements of Rule 9(b). The request must be rejected. The rule is designed to require plaintiffs to obtain sufficient information to aver fraud by the time a complaint is filed and to prevent use of the lawsuit as a search for that information. "Neither plaintiff nor his counsel are entitled to roam through a defendant's files at the mere drop of a 'complaint.'" *Denny v. Barber, supra,* 73 F.R.D. at 10; *see Segal v. Gordon, supra,* 467 F.2d at 609.

**4.** 15 U.S.C. § 78r provides in part:

(a) Any person who shall make or cause to be made any statement in any application, report, or document filed pursuant to this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 78o of this title, which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person (not knowing that such statement was false or misleading) who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement, for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading. . . .

It is unclear whether the Rule 9(b) particularity requirement should apply to a complaint under § 18. Several courts appear to have assumed its applicability without explicit reasoning or authority. *See Jacobson v. Peat, Marwick, Mitchell & Co., supra,* 445 F.Supp. at 522–24; *Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1091–92; *Rich v. Touche Ross & Co., supra,* 68 F.R.D. at 245–46. This Court has previously held Rule 9(b) inapplicable to complaints under § 11 of the 1933 Act, which does not require proof of fraud or deceit. *Schoenfeld v. Giant Food Stores Corp.,* 62 F.R.D. 348 (S.D.N.Y.1974). Neither the Supreme Court nor the Second Circuit has had occasion to determine whether a successful § 18 action requires proof of scienter. The Supreme Court, in a footnote, stated that the section's "legislative history . . . suggests something more than negligence on the part of the defendant is required for recovery." *Ernst & Ernst v. Hochfelder, supra,* 425 U.S. at 211 n. 31, 96 S.Ct. at 1389–90 n. 31. The Second Circuit recently declined to decide the question, but intimated that Rule 9(b) was inapplicable: "A plaintiff unable to allege those specific facts necessary under Fed.R.Civ.P. 9(b) which would raise a strong inference of scienter . . . would not be able to establish a *prima facie* case under § 10(b). The very same plaintiff, however, could proceed under § 18." *Ross v. A. H. Robins Co., Inc., supra,* 607 F.2d 545 at 555–556. In view of the Court's decision, *see* text *supra,* the question need not be decided.

purchased or sold a security in actual reliance on a document, filed with the SEC, that contains a material misstatement or omission. *Ross v. A. H. Robins Co., Inc., supra,* at 555. Plaintiffs have failed to identify, in other than the vaguest terms, the documents on which they rely.[5] Instead, they allege reliance on the corporation's SEC filings, and they plead on information and belief. Yet the law is clear that plaintiffs must "establish actual knowledge of and reliance upon the alleged misstatements contained in any document filed with the S.E.C." *Id.* at 552 (*citing Heit v. Weitzen,* 402 F.2d 909, 916 (2d Cir. 1968), *cert. denied,* 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969); *Jacobson v. Peat, Marwick, Mitchell & Co., supra,* 445 F.Supp. at 525). A complaint must identify the documents relied upon to state a prima facie case, and information and belief pleading should be unnecessary to do so. Even at the pleading stage, this requirement is not an unfair burden on a good faith plaintiff.[6]

*The Section 11 Claim*

Andersen argues that the claim under section 11 of the 1933 Act is deficient for two related reasons. First, plaintiffs allegedly fail to specify the dates of their participation in GT&E's dividend reinvestment plans. Second, plaintiffs have failed to plead explicitly that the stock they purchased was covered by one of the three registration statements claimed to be misleading in the second cause of action of the Second Amended Complaint.

▆ At the outset, it should be noted that a successful action under section 11 does not require proof of fraud, *Fischman v.*

*Raytheon Mfg. Co.,* 188 F.2d 783, 786 (2d Cir. 1951), and therefore, the Rule 9(b) particularity requirement does not apply. *Schoenfeld v. Giant Stores Corp.,* 62 F.R.D. 348, 350 (S.D.N.Y.1974). Plaintiffs need only comply with the Rule 8 requirement of "a short and plain statement of the claim." Unlike section 18 of the Securities Exchange Act, under section 11 of the 1933 Act "reliance may be established without proof of the reading of the registration statement." 15 U.S.C. § 77k.

Although the Second Amended Complaint is not as detailed as defendant might desire, plaintiffs have alleged that they were members of the dividend reinvestment plans for five years prior to the filing of the original Complaint in January 1977 and that shares were purchased with dividend payments due them during that period. Although not stated explicitly, plaintiffs believe their stock was registered under the 1975, 1976 and 1977 Registration Statements and Prospectuses claimed to be misleading. They allege that, by these documents, GT&E "registered with the SEC 3,000,000 shares of its common stock for its Shareholder Systematic Investment Plan." Second Amended Complaint ¶ 47. Defendant should expect no more at this stage of the action. Plaintiffs cannot be expected prior to discovery to possess proof that their stock certificates were registered under those statements. Moreover, these asserted deficiencies address information that defendants can be expected to supply from their own files.

The cases cited by Andersen are inapposite. In *Colonial Realty Corp. v. Brunswick*

---

5. The Second Amended Complaint ¶ 40 states that

[t]he illegal and improper acts and transactions referred to . . . were wilfully and deliberately concealed, camouflaged and misrepresented to the G&TE shareholders, the SEC and the public at large, through false filings with the SEC, false annual reports and other periodic reports, false financial reports and statements and press and media distributions.

6. The Court's rationale for dismissing the § 18 claim is equally applicable to the other defend-

ants in this action. Therefore, that claim is dismissed, *sua sponte,* as to all defendants. *See Walner v. Friedman,* 410 F.Supp. 29, 34 (S.D.N.Y.1975); *Piedmonte v. Chicago Board Options Exchange, Inc.,* 405 F.Supp. 711, 718 (S.D.N.Y.1975).

The Court need not reach Andersen's contentions that a proper complaint under § 18 must affirmatively plead compliance with that section's statute of limitations and that plaintiffs' failure to aver a sale subsequent to certain of the allegedly fraudulent activities rendered the § 10(b) claim insufficient.

*Corp.,* 257 F.Supp. 875 (S.D.N.Y.1966), it was undisputed that plaintiff did not acquire any of the common stock that was the subject of the allegedly fraudulent registration statement. Reasoning that section 11 applies only to securities offered in the particular registration statement, and not to other shares merely of the same class, the court granted summary judgment. In *Wolfson v. Solomon,* 54 F.R.D. 584 (S.D.N. Y.1972), the pleadings were not at issue. On plaintiffs' class certification motion, the court allowed discovery to ascertain which potential plaintiffs purchased stock registered under the allegedly fraudulent statements. In *Barnes v. Osofsky,* 373 F.2d 269 (2d Cir. 1967), the trial court had limited benefits under a court-approved settlement, after discovery, to those plaintiffs who could establish that they purchased stock covered by the registration statement. On appeal by class members who were unable to trace their purchases, the Second Circuit affirmed on authority of *Colonial Realty.*

It would be premature, therefore, to dismiss the section 11 claim. Later, it might appear that some plaintiffs did not purchase stock registered under the 1975–1977 statements. Discovery will clarify the positions of individual plaintiffs. The proper relief will be to require individual purchasers to trace their stock to the registration statements in question prior to final disposition of the action, if plaintiffs prevail.

### Conclusion

The section 10(b) claim against Andersen is dismissed with prejudice for failure to comply with Rule 9(b). The section 18 claim is dismissed against all defendants for failure to state a claim. The Court concludes that the Second Amended Complaint adequately states a claim under section 11 of the 1933 Act.

So ordered.