In re **PRISON REALTY SECURITIES LITIGATION.**

No. 3:99–0452.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 17, 2000.

Stanley M. Chernau,· Linda F. Burnsed, PLLC, Nashville, TN, George Edward Barrett, Douglas S. Johnston, Jr., Barrett, Johnston & Parsley, Nashville, TN, Glen DeValerio, Jeffrey C. Block, Michael M. Sullivan, Berman, DeValerio & Pease, Boston, MA, Darren J. Robbins, Randall J. Baron, Williams S. Lerach, Laura M. Andracchio, Tor Gronborg, Spencer Alan Burkholz, Ellen Gusikoff Stewart, Keith Park, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Charles Lilley, Charles Lilley & Associates, Denver, CO, David R. Scott, Scott & Scott LLC, Colchester, CT, Daniel C. Girard, Robert S. Green, Robert A. Jigarjian, Girard & Green, San Francisco, CA, for Richard Charles.

George Edward Barrett, Douglas S. Johnston, Jr., Barrett, Johnston & Parsley, Nashville, TN, Glen DeValerio, Jeffrey C. Block, Michael M. Sullivan, Berman, DeValerio & Pease, Boston, MA, Darren J. Robbins, Randall J. Baron, Williams S. Lerach, Laura M. Andracchio, Tor Gronborg, Spencer Alan Burkholz, Ellen Gusikoff Stewart, Keith Park, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Charles Lilley, Charles Lilley & Associates, Denver, CO, Daniel C. Girard, Robert S. Green, Robert A. Jigarjian, Girard & Green, San Francisco, CA, for Paul Krichevsky.

Paul Kent Bramlett, Bramlett Law Offices, Nashville, TN, Jeffrey C. Block, Michael M. Sullivan, Berman, DeValerio & Pease, Boston, MA, Darren J. Robbins, Williams S. Lerach, Laura M. Andracchio, Tor Gronborg, Spencer Alan Burkholz, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Daniel C. Girard, Robert S. Green, Robert A. Jigarjian, Girard & Green, San Francisco, CA, for Ben F. Morgan, Jr.

Mary Elizabeth McGarry, Stanley Hsue, Simpson, Thacher & Bartlett, New York, NY, John C. Hayworth, Walker, Bryant & Tipps, Nashville, TN, for Prison Realty Trust Inc., Robert Crants, III, Doctor R. Crants.

John K. Kim, Bruce D. Angiolillo, Mary Elizabeth McGarry, Stanley Hsue, Simpson, Thacher & Bartlett, New York, NY, Robert Jackson Walker, John C. Hayworth, Walker, Bryant & Tipps, Nashville, TN, for Michael W. Devlin, J. Michael Quinlan, Jackson W. Moore, Charles W. Thomas, John W. Eakin, Jr., Ted Feldman, Richard W. Cardin, Joseph V. Russell, Monroe J. Carell, Jr., C. Ray Bell, Rusty L. Moore, Thomas W. Beasley, Samuel W. Bartholomew, Joseph F. Johnson, Jr., R. Clayton McWhorter.

John K. Kim, Bruce D. Angiolillo, Mary Elizabeth McGarry, Stanley Hsue, Simpson, Thacher & Bartlett, New York, NY, John T. Mongomery, John P. Bueker, Ropes & Gray, Boston, MA, Robert Jackson Walker, John C. Hayworth, Walker, Bryant & Tipps, Nashville, TN, for Jean-Pierre Cuny.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the court are the following Motions: Defendant Sodexho Alliance, S.A.'s Motion to Dismiss (Docket No. 70) and a Motion to Dismiss (Docket No. 73) and Request for Oral Argument (Docket No. 75) filed on behalf of all other Defendants. For the reasons described herein, Sodexho's Motion to Dismiss (Docket No. 70) is GRANTED and the Motion to Dismiss (Docket No. 73) and Request for Oral Argument (Docket No. 75) filed by the other Defendants are DENIED.

Trial is set for November 28, 2000 by an Order entered contemporaneously herewith. Any stay on discovery is VACATED. The case is REFERRED to the Magistrate Judge for further case management.

The Court hereby orders the parties to participate in mediation pursuant to Local Rule 20, as amended to include Alternate Dispute Resolution Rules 20-27, and Rule 21 of the Local Rules of Court. The Magistrate Judge shall issue all necessary orders

to implement the mediation. The mediation shall be held at a time and in a manner that does not interfere with the trial date or pretrial deadlines.

### Claims

This is a securities action arising out of a merger between CCA Prison Realty Trust ("PZN") and Corrections Corporation of America ("CCA") to form Prison Realty Corporation ("New PZN") ("Merger"). New PZN and Correctional Management Services Corporation ("OpCo"), a privately held company created as part of the Merger, pay certain fees to each other pursuant to a Services Agreement, Operating Leases and a Tenant Incentive Agreement. At issue is the Defendants' alleged dissemination of false and misleading statements regarding the financial relationship between New PZN and OpCo.

The case is filed on behalf of persons who exchanged PZN shares for shares of New PZN in the Merger and/or purchased New PZN shares between January 1, 1999 and May 17, 1999. Plaintiffs seek certification as a class action.

Plaintiffs have asserted claims against Defendants New PZN, Doctor Crants, Robert Crants, Sodexho Alliance, S.A. ("Sodexho") and the directors of PZN and CCA under §11 [15 U.S.C. § 77k(a)], § 12(a)(2) [15 U.S.C. § 77l(a)(2)], and § 15 [15 U.S.C. § 77o] of the Securities Act of 1933 ("Securities Act") and/or § 14(a) [15 U.S.C. § 78n] of the Securities Exchange Act of 1934 ("Exchange Act"). These claims are brought in connection with the Defendants' issuance of an allegedly false Joint Proxy-Prospectus ("Joint Proxy") disseminated in connection with the Merger and the initial offering of New PZN shares.

Plaintiffs have also pled claims against Doctor Crants, Robert Crants and New PZN under § 10(b) [15 U.S.C. § 78j(b)] and § 20(a) [15 U.S.C. § 78t(a)] of the Exchange Act. These claims are based on Defendants' alleged misrepresentations and omissions regarding increased payments from New PZN to OpCo.

The Defendants, except Sodexho, have moved to dismiss the Consolidated Complaint (Docket No. 64) on the following grounds:

1. The 10b-5 claim fails to adequately plead scienter;

2. The §§ 11 and 12(a)(2) claims sound in fraud and are not pled with particularity;

3. The § 14 claim sounds in fraud and fails to satisfy Rule 9(b);

4. The alleged false and misleading statements are not actionable as a matter of law based on the "safe harbor" provisions of the PSLRA, the "bespeaks caution doctrine," and "puffery";

5. The § 11 claim must be dismissed as to persons who purchased their shares in the secondary market;

6. The § 12(a)(2) claims against Doctor Crants and Robert Crants must be dismissed because these Defendants are not statutory sellers; and

7. The §§ 20(a) and 15 claims for control person liability must be dismissed in the absence of a primary violation of §§ 10(b), 11 or 12.

Defendant Sodexho moves to dismiss the Consolidated Complaint on the grounds that Sodexho is not a "control person" under § 15 of the Securities Act or § 20(a) of the Exchange Act.

### Motions to Dismiss

In considering a motion to dismiss, the court must accept as true all factual allegations in the complaint. *Broyde v. Gotham Tower, Inc.,* 13 F.3d 994, 996 (6th Cir. 1994), *cert. denied,* 511 U.S. 1128, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

A motion to dismiss for failure to state a claim upon which relief can be granted

must be viewed in the light most favorable to the party opposing the motion. *State of Ohio ex rel Fisher v. Louis Trauth Dairy, Inc.,* 856 F.Supp. 1229, 1232 (S.D.Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

In deciding a motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. *City of Toledo v. Beazer Materials and Services, Inc.,* 833 F.Supp. 646, 650 (N.D.Ohio 1993). The district court is without authority to dismiss claims unless it can be demonstrated beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Id.*

### 10b–5 Claim–Failure to Adequately Plead Scienter

Defendants initially move to dismiss the Consolidated Complaint on the ground that Plaintiffs' 10b–5 claim fails to adequately plead scienter. Defendants assert that scienter cannot be inferred from Defendants' corporate positions or their alleged access to non-public information. Defendants, moreover, contend that Plaintiffs' motive and opportunity allegations do not support a strong inference of scienter.

■ To establish a private claim for damages under Rule 10b–5, Plaintiffs must prove the following: (1) the use of jurisdictional means (2) to carry out a deceptive or manipulative practice with the requisite scienter, (3) in connection with (4) the purchase or sale (5) of a security (6) causing (7) damages. *City of Painesville, Ohio v. First Montauk Financial Corp.,* 178 F.R.D. 180, 186 (N.D.Ohio 1998); *see also In re: Comshare, Inc. Securities Litigation,* 183 F.3d 542, 548 (6th Cir.1999) ("To state a claim under § 10(b) of the Securities and Exchange Act of 1934 ("Securities Act") and Rule 10b–5, a plaintiff must allege, in connection with the purchase or

sale of securities, the misstatement or omission of a material fact, made with scienter, upon which the plaintiff justifiably relied and which proximately caused the plaintiff's injury.")

To support a Section 10(b) and Rule 10b–5 claim, Plaintiffs must show that Defendants acted with "scienter;" that is, with intent to deceive, manipulate or defraud. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 194, 96 S.Ct. 1375, 1381, 47 L.Ed.2d 668 (1976).

Defendants assert that Plaintiffs' claims should be dismissed, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, for failure to plead scienter with particularity. The Rule requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b).

■ To satisfy the requirements of Rule 9(b), a complaint alleging fraud or misrepresentation must (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. *City of Painesville,* 178 F.R.D. at 188. A plaintiff must, at a minimum, allege the time, place and contents of the misrepresentations upon which he relied. "In other words, Plaintiffs must allege 'the who, what, when, where, and how' of the fraud." *Id.; see also Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993).

The particularity requirement of Rule 9(b) must, however, be read in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a short and plain statement of a claim. *Id.* Also, Rule 9(b) does not require plaintiffs to plead detailed evidentiary matters, *Id.*

Defendants also assert that the Plaintiffs' claims should be dismissed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA requires that where a party alleges fraud

due to misstatements of fact, that party must specify each statement and describe why the statement was misleading. *City of Painesville*, 178 F.R.D. at 187; 15 U.S.C. § 78u-4(b).

When the PSLRA was passed in 1995, it added a new section which requires that the complaint in a securities case must state with particularity facts giving rise to a strong inference that the Defendants acted with the required state of mind. 15 U.S.C. § 78u-4(b)(2).

■ The Sixth Circuit held in *In re: Comshare, Inc. Securities Litigation*, 183 F.3d 542, 549 (6th Cir.1999) that "plaintiffs may plead scienter in § 10b or Rule 10b-5 cases by alleging facts giving rise to a strong inference of recklessness, but not by alleging facts merely establishing that a defendant had the motive and opportunity to commit securities fraud." The *Comshare* court held that "under the PSLRA, a plaintiff may survive a motion to dismiss by pleading facts that give rise to a 'strong inference' of recklessness." *Id.* at 550.

Defendants, in summary, assert that Plaintiffs have failed to adequately allege scienter as required by Rule 9(b) and the PSLRA. Defendants contend that the Consolidated Complaint fails to plead specific facts that create a strong inference that Defendants acted knowingly or recklessly. Defendants characterize the Consolidated Complaint as conclusory and insufficient to establish fraud.

■ The Consolidated Complaint, if true, alleges sufficient circumstantial evidence of knowing or reckless misconduct to satisfy the scienter requirements of Rule 9(b) and the PSLRA on a motion to dismiss. The Defendants' alleged knowledge of facts that contradicted public statements (Consolidated Complaint, Docket No. 64, e.g. ¶ ¶ 73, 82, 83 and 85), in combination with the proximity in time between the alleged misrepresentations and the disclosure; the pivotal financial relationship between New PZN and OpCo; the Defendants' positions and experience;

and the Defendants' ability to control both New PZN and OpCo, are enough to create a strong inference of scienter for purposes of surviving a motion to dismiss. Plaintiffs may or may not be able to prevail on summary judgment or at trial, but the Consolidated Complaint states with particularity facts giving rise to a strong inference that the Defendants acted with the required scienter. Fed. R. Civ. P. 9(b); 15 U.S.C. § 78u-4(b)(2).

Having reviewed the Consolidated Complaint in the light most favorable to the Plaintiffs, and in light of the applicable standards set forth above, the Court finds that Plaintiffs have sufficiently pled specific facts that create a strong inference that the Defendants acted with the required state of mind.

Accordingly, Defendants' Motion to Dismiss on the issue of failure to adequately plead scienter is DENIED.

### *Section 11 and 12(a)(2)–Failure to Plead Fraud with Particularity*

■ Defendants allege that Plaintiffs' § 11 and § 12(a)(2) claims must be dismissed because they sound in fraud and are not pled with particularity, Plaintiffs argue that Rule 9(b) does not apply to their non-fraud claims under § 11 and § 12(a). Alternatively, Plaintiffs argue that the Consolidated Complaint complies with Fed. R. Civ. P. 9(b).

A number of courts have held that the particularity requirement of Rule 9(b) does not apply to § 11 and § 12 claims because proof of fraud or mistake is not a prerequisite to establishing liability under those statutes. *See, e.g., In re Consumers Power Co. Securities Litigation*, 105 F.R.D. 583, 594 (E.D.Mich.1985); *Ross v. Warner*, 480 F.Supp. 268, 273 (S.D.N.Y.1979); *In re NationsMart Corp. Securities Litigation*, 130 F.3d 309, 314 (8th Cir.1997), *cert. denied*, 524 U.S. 927, 118 S.Ct. 2321, 141 L.Ed.2d 696 (1998). To establish a prima facie case under § 11, a plaintiff need only show that he bought the security and that there was

a material misstatement or omission in the registration statement. *Id.* at 315. Similarly, to establish a claim under § 12, once he established privity with a seller, a plaintiff need prove only that there was a material misstatement or omission in the prospectus or oral communication. *Id.* at 318.

"The liability of the issuer of a materially misleading registration statement is 'virtually absolute, even for innocent misstatements.'" *NationsMart,* 130 F.3d at 315 (quoting *Herman & MacLean v. Huddleston,* 459 U.S. 375, 382, 103 S.Ct. 683, 687, 74 L.Ed.2d 548 (1983)). Because neither § 11 nor § 12 requires proof of fraud for recovery, Plaintiffs were not required to plead fraud in connection with their § 11 and § 12 claims.

Defendants argue that Plaintiff's Sections 11 and 12 claims are grounded or based in fraud and, therefore, fall under Rule 9(b). A number of courts have stated that when claims alleging material misstatement or omission in a registration statement are grounded in fraud, those claims must state with particularity the circumstances constituting the alleged fraud. *See, e.g., In re Stac Electronics Securities Litigation,* 89 F.3d 1399, 1404-05 (9th Cir.1996); *Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.,* 940 F.Supp. 1101, 1115 (W.D.Mich.1996) ("Rule 9(b) also applies to § 11 and § 12(2) claims under the Securities Act to the extent they are grounded in fraud rather than negligence."); *Shapiro v. UJB Financial Corp.,* 964 F.2d 272, 288 (3d Cir.), *cert. denied,* 506 U.S. 934, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992) (when § 11 and § 12(2) claims are grounded in fraud rather than negligence, Rule 9(b) applies).

Only a defendant facing the particular threat posed by an accusation of fraud may invoke the protections of Rule 9(b). *Consumers Power,* 105 F.R.D. at 595. The court in *Consumers Power* found that because the plaintiffs specifically separated out their § 11 claims into distinct counts at the end of the complaint, the allegations of fraud did not "convert or contaminate the separate § 11 claims." *Id.* at 594.

In *NationsMart,* the plaintiffs made clear that they did not allege, in the context of their § 11 claim, that the defendants were liable for fraudulent or intentional conduct. *NationsMart,* 130 F.3d at 315. Even if they had, stated the court, any such allegation would be mere surplusage:

> The only consequence of a holding that Rule 9(b) is violated with respect to a § 11 claim would be that any allegations of fraud would be stripped from the claim. The allegations of innocent or negligent misrepresentation, which are at the heart of a § 11 claim, would survive. The plaintiffs' case should not have been dismissed because they alleged more than was necessary to recover under § 11 of the Securities Act.

*Id.*[1]

In this case, Plaintiffs' § 11 claims do not mention fraud, except to expressly exclude any allegations which might sound in fraud. *See* Consolidated Complaint, Docket No. 64, ¶¶ 47 and 53. Plaintiffs' Consolidated Complaint alleges Defendants' failure to make a reasonable investigation or possess reasonable grounds for the belief that the statements contained in the Joint Proxy were true. *Id.* ¶ 49. Since fraud is not a necessary element of a § 11 or § 12 claim,

---

1. The court in *NationsMart* declined to find that the plaintiffs' § 11 and § 12 claims were grounded in fraud and, therefore, subject to Rule 9(b) for two reasons: (1) the complaint had expressly disavowed any claim of fraud in connection with the § 11 and § 12 counts; and (2) "a pleading standard which requires a party to plead particular facts to support a cause of action that does not include fraud or mistake as an element comports neither with Supreme Court precedent nor with the liberal

system of 'notice pleading' embodied in the Federal Rules of Civil Procedure." *NationsMart,* 130 F.3d at 315; *see also In re First Merchants Acceptance Corp. Securities Litigation,* 1998 WL 781118 at **11-12 (N.D.Ill. Nov. 4, 1998); *but see Hershey v. MNC Financial, Inc.,* 774 F.Supp. 367, 376 (D.Md.1991) ("Rule 9(b) applies to 'all averments of fraud.' Its application should depend on the substance of a plaintiff's allegations, not upon the guise in which he portrays them.").

and the Court cannot read it into the statute, it need not be pled pursuant to Rule 9(b) in Plaintiffs' § 11 or § 12 claims. *See In re LILCO Securities Litigation,* 625 F.Supp. 1500, 1503 (E.D.N.Y.1986); *First Merchants Acceptance Corp. Securities Litigation,* 1998 WL 781118 at *11, n. 6 (N.D.Ill. Nov. 4, 1998) ("It is illogical to require plaintiffs to plead more than they would have to prove to succeed on a § 11 claim standing alone.").

Based upon these authorities, the Court finds that Rule 9(b) does not apply to Plaintiffs' § 11 and § 12 claims. Even if it did, however, as found by the *Nations-Mart* court, above, the remedy would be to strip any allegations of fraud from the claims. Accordingly, Plaintiffs will not be allowed to allege or attempt to prove fraud in connection with their § 11 and § 12 claims.

Defendants' Motion to Dismiss on the ground that Plaintiffs' § 11 and § 12(a)(2) claims are not pled with particularity is DENIED.

### Section 14(a)–Failure to Satisfy Rule 9(b)

■ Defendants also move to dismiss Plaintiffs' § 14(a) claim because it sounds in fraud and fails to satisfy Fed. R. Civ. P. 9(b). Plaintiffs oppose the Motion for the same reasons stated regarding the § 11 and § 12(a)(2) claims.

Defendants, for purposes of the pending Motion, do not contest that a § 14(a) claim can be based on negligence, rather than scienter. See *Adams v. Standard Knitting Mills, Inc.,* 623 F.2d 422, 428 (6th Cir. 1980); *Gould v. American–Hawaiian Steamship Co.,* 535 F.2d 761, 777–78 (3rd Cir.1976); *Gerstle v. Gamble-Skogmo, Inc.,* 478 F.2d 1281, 1300-01 (2nd Cir.1973); *Fradkin v. Ernst,* 571 F.Supp. 829, 842-44 (N.D.Ohio 1983). Plaintiffs, moreover, expressly exclude "any allegations of scien-

ter" in their § 14(a) claim. Consolidated Complaint, Docket No. 64, ¶ 63. Fraud, for purposes of this Motion, is not a necessary element of § 14(a) claim and, therefore, does not have to be pled pursuant to Rule 9(b). Like the § 11 and § 12(a)(2) claims discussed above, Plaintiffs will not be allowed to allege or attempt to prove fraud in connection with their § 14(a) claim.

Defendants Motion to Dismiss on the ground that Plaintiffs' § 14(a) claim fails to satisfy Rule 9(b) is DENIED.

### Actionable Fraud–Safe Harbor, Bespeaks Caution and Puffery

Defendants further move to dismiss the Consolidated Complaint based on the "safe harbor" provisions of the PSLRA, the "bespeaks caution doctrine" and "puffery" defense.

The PSLRA provides a "safe harbor" for certain "forward-looking" statements. 15 U.S.C. § 77z-2 (Securities Act) and 15 U.S.C. § 78u-5 (Exchange Act). The PSLRA generally provides that a person shall not be liable for any forward-looking statement if the statement is (1) immaterial or accompanied by meaningful cautionary statements; or (2) if the Plaintiff fails to prove that the statement was made with actual knowledge that the statement was false or misleading.

The Court agrees with the Defendants that some of the statements in the Consolidated Complaint are forward-looking and constitute puffery. However, certain statements in the Consolidated Complaint are alleged misrepresentations of present facts. In any event, the fact that statements are forward-looking does not end the matter.[2]

■ Plaintiffs generally may remove forward-looking statements from the protection of the "safe harbor" provisions of

---

**2.** Plaintiffs also assert that the PSLRA safe harbor does not apply to the Joint Proxy because it is part of and "in connection with an initial offering" of new PZN securities. 15

U.S.C. §§ 77z-2(b)(2)(D); 78u-5(b)(2)(D). The Court need not resolve this issue at this time given its other rulings.

the PSLRA by proving that the statements: (1) were material; (2) were not coupled with meaningful cautionary warnings; or (3) the identified speakers had actual knowledge that the statements were false. The Consolidated Complaint, for instance, asserts that certain of Defendants' forward-looking statements were knowingly false when made. *See, e.g.,* Consolidated Complaint, Docket No.64, ¶ ¶ 9, 46, 73, 78, 82, 85 and 101.

■ Defendant denies that any of the PSLRA's exceptions to the safe harbor apply. These arguments raise questions of fact which cannot be decided on a motion to dismiss. "While it may well turn out, as [Defendants] maintain, that the contested statements are neither material nor misleading when considered in context, that is a determination better made on the kind of record which a motion for summary judgment affords." *In re: Wells Fargo Securities Litigation,* 12 F.3d 922, 930 (9th Cir. 1993), *cert. denied,* 513 U.S. 917, 115 S.Ct. 295, 130 L.Ed.2d 209 (1994).

Defendants also allege that Plaintiffs' allegations must be dismissed based on the "bespeaks caution doctrine" because the alleged misrepresentations were accompanied by meaningful cautionary language.

■ The "bespeaks caution doctrine" is essentially shorthand for the principle that a statement or omission must be considered in context. The bespeaks caution doctrine applies to forward-looking statements. *Harden v. Raffensperger, Hughes & Co., Inc.,* 65 F.3d 1392, 1404 (7th Cir. 1995). "The bespeaks caution doctrine provides that when forecasts, opinions or projections in a disclosure statement are accompanied by meaningful warnings and cautionary language, the forward-looking statements may not be misleading." *Id.* "By definition, the bespeaks caution doctrine applies only to affirmative, forward-looking statements. *In re: Stac Electronics Securities Litigation,* 89 F.3d 1399, 1408 (9th Cir.1996).

As indicated above, Plaintiffs assert that the Defendants made affirmative misrepresentations concerning New PZN's and OpCo's existing financial condition. Viewing these allegations as true, for purposes of this Motion to Dismiss, such allegations concerning misrepresentations of existing facts state a claim under the securities laws. Moreover, whether the cautionary language that accompanied any forward-looking statements was sufficiently meaningful presents questions of fact that are inappropriate for determination on this Motion to Dismiss.

Accordingly, Defendants' Motion to Dismiss on the ground of no actionable fraud is DENIED.

### Section 11–Secondary Market

■ Defendants move to dismiss Plaintiffs' § 11 claims as to all persons who purchased their shares in the secondary market. Defendants rely on *Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) wherein the Supreme Court found that § 12(2) of the Securities Act provides a cause of action only to shareholders who purchase shares pursuant to a prospectus in a public offering, and not to those shareholders who purchased shares in the secondary market. Defendants contend that the reasoning that applies to § 12(2) also applies to § 11 of the Securities Act.

Plaintiffs, in opposition, assert that § 11 expressly provides a remedy to "any person acquiring" a security issued pursuant to a misleading registration statement, without regard to whether the Plaintiff purchased in the initial offering. 15 U.S.C. § 77k(a)(5). Plaintiffs also rely on *Hertzberg v. Dignity Partners, Inc.,* 191 F.3d 1076 (9th Cir.1999).

The *Hertzberg* court held that a § 11 cause of action can be brought by anyone who purchased stock under a registration statement, regardless of when the purchase was made. *Hertzberg,* 191 F.3d at 1080-81 ("regardless of whether he bought in the initial offering, a week later or a

month after that"). "Other circuits that have addressed this issue agree with our reading of the text and have uniformly allowed for recovery by purchasers in the aftermarket." *Id.* at 1081.

This Court finds the *Hertzberg* decision persuasive. Therefore, the Court finds that the Plaintiffs who obtained shares issued pursuant to and traceable to the Joint Proxy have standing to assert § 11 claims.

Accordingly, Defendants Motion to Dismiss the § 11 secondary market claims is DENIED.

### § 12(a)(2)–Statutory Sellers

 Defendants also move to dismiss the § 12(a)(2) claims against Doctor Crants and Robert Crants on the grounds that these Defendants are not statutory sellers.

Section 12(a)(2) of the Securities Act permits suit under that section only against a person who "offers or sells a security." 15 U.S.C. § 77l(a)(2). In determining who is a statutory seller under the Securities Act, the Supreme Court held that Section 12(a)(1) imposes liability on the owner who passed title or other interest in the security to the buyer for value and/or on the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner. *Pinter v. Dahl,* 486 U.S. 622, 647, 108 S.Ct. 2063, 2078, 100 L.Ed.2d 658 (1988); *Picard Chemical Inc. v. Perrigo Co.,* 940 F.Supp. 1101, 1132 (W.D.Mich.1996).

Although the definition of "seller" in *Pinter* was in the context of Section 12(1), courts, including the Sixth Circuit Court of Appeals, have held that it applies equally to Section 12(2). *Smith v. American Nat'l Bank and Trust Co.,* 982 F.2d 936, 942 (6th Cir.1992); *In re: F & M Distributors, Inc. Securities Litigation,* 937 F.Supp. 647, 657 (E.D.Mich.1996).

Thus, the Court must determine whether the Crants Defendants sold or successfully solicited the purchase of securities, motivated at least in part by a desire to serve their own financial interests or those of the securities owners.

In order to establish liability for solicitation under Section 12(2), Plaintiffs must demonstrate direct and active participation in the solicitation of the immediate sale. *Picard Chemical,* 940 F.Supp. at 1133. Plaintiffs allege that the acts of solicitation by the Crants Defendants included jointly preparing and/or signing the allegedly false and misleading Joint Proxy and conducting a "road show" to promote it. Consolidated Complaint, Docket No. 64, ¶ ¶ 15, 16, 49, and 56.

The Joint Proxy-Prospectus is a solicitation document. *Picard Chemical,* 940 F.Supp. at 1133. Thus, the Consolidated Complaint sufficiently alleges that the Crants Defendants solicited the public to purchase the stock. *Id.* Plaintiffs also allege that the Defendants were motivated by a desire to serve their own financial interests by soliciting the issuance of New PZN stock. Consolidated Complaint, Docket No. 64, ¶ 56.

Consequently, taken in the light most favorable to Plaintiffs, the Consolidated Complaint does allege that the Crants Defendants "solicited" Plaintiffs to purchase stock and that in so doing they were motivated by a desire to serve their own financial interests. These factual allegations are sufficient to survive a motion to dismiss.

Accordingly, Defendants' Motion to Dismiss based on the ground that the Crants Defendants are not statutory sellers is DENIED.

### § 20(a) and § 15–Control Person

Finally, Defendants move to dismiss the § 20(a) and § 15 claims for "control person" liability due to the absence of a primary violation of §§ 10(b), 11 or 12. Also, Defendants specifically assert that Defendant Cuny is not a control person.

Given the above rulings of the Court regarding §§ 10(b), 11 and 12, Defendants' Motion to Dismiss based on the absence of

a primary securities law violation is DENIED as moot.

As to Defendant Cuny, the Court finds that the Consolidated Complaint (Docket No. 64, ¶ ¶ 33-34, 49, 63-67, and 91-93) is sufficient to defeat the Motion to Dismiss. The Consolidated Complaint, as to Defendant Cuny, sufficiently alleges a primary violation, power to control the activity upon which the primary violation is predicated, and actual exercise of control over the operations of the alleged primary violators. *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 486 (6th Cir.1992).

Accordingly, Defendants' Motion to Dismiss (Docket No. 73) the § 20(a) and § 15 claims for control person liability is DENIED.

*Sodexho § 15 and § 20(a)–Control Person*

Sodexho has filed a separate Motion to Dismiss (Docket No. 70) the § 15 and § 20(a) "control person" claims against it. Sodexho asserts that the Consolidated Complaint fails to allege sufficient facts to satisfy the elements of control person liability as required by *Sanders*. Sodexho, in particular, alleges that the Consolidated Complaint fails to allege a primary violation, power to control, or actual control over the violator, by Sodexho.

Plaintiffs, citing no authority, oppose the Motion based on the allegations that Sodexho owns 9.2% of the New PZN and 16% of OpCo as a result of the merger. Plaintiffs further allege that Defendant Cuny sat as Sodexho's representative on the boards of CCA and New PZN and that Cuny approved the merger.

In *Sanders*, the Sixth Circuit held that in order to plead control person liability, the "plaintiff needs to establish that the defendant ... actually participated in (i.e., exercised control over) the operations of the [primary violator] in general and that the defendant possessed the power to control the specific transaction or activity upon which the primary violation

is predicated." *Sanders*, 973 F.2d at 486 (quoting *Metge v. Baehler*, 762 F.2d 621, 631 (8th Cir.1985)). Thus, to state a claim for control person liability, the Plaintiffs must, at a minimum, plead facts to establish three essential elements: (1) a primary securities law violation; (2) power to control the specific transaction or activity upon which the primary violation is predicated; and (3) actual participation (i.e., exercise control) in the operations of the primary violator in general. *Id.*

In this case, the Court has found that the Consolidated Complaint sufficiently alleges a primary violation. However, Plaintiffs have failed to adequately plead facts about how Sodexho had the power to control the Merger or how it actually exercised control over the alleged primary violators. The Consolidated Complaint (Docket No. 64, ¶ ¶ 15, 33, 35, 60-62, and 91-93), as to Sodexho, is merely conclusory allegations and fails to state a claim for control person liability pursuant to § 15 or § 20(a).

Accordingly, Sodexho's Motion to Dismiss is GRANTED and the claims (Counts III and VI) against Sodexho in the Consolidated Complaint are DISMISSED.

*Conclusion*

Sodexho's Motion to Dismiss (Docket No. 70) is GRANTED. The Motion to Dismiss (Docket No. 73) and Request for Oral Argument (Docket No. 75) filed by the other Defendants are DENIED.

IT IS SO ORDERED.